**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 25-7062

COLLIN ZACHARY LAFRENIERE,

Petitioner - Appellant,

v.

JOSEPH WALTERS, Director,

Respondent - Appellee.

Appeal from the United States District Court for the Eastern District of Virginia, at Richmond.  Henry E. Hudson, Senior District Judge.  (3:25-cv-00189-HEH)

Submitted:  June 25, 2026                                Decided:  June 30, 2026

Before BENJAMIN and BERNER, Circuit Judges, and TRAXLER, Senior Circuit Judge.

Dismissed by unpublished per curiam opinion.

Jonathan P. Sheldon, SHELDON & FLOOD, PLC, Fairfax, Virginia, for Appellant.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Collin Zachary LaFreniere seeks to appeal the district court's order denying relief on his 28 U.S.C. § 2254 petition. The order is not appealable unless a circuit justice or judge issues a certificate of appealability. *See* 28 U.S.C. § 2253(c)(1)(A). A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When the district court denies relief on the merits, a prisoner satisfies this standard by demonstrating that reasonable jurists could find the district court's assessment of the constitutional claims debatable or wrong. *See Buck v. Davis*, 580 U.S. 100, 115-17 (2017).

We have independently reviewed the record and conclude that LaFreniere has not made the requisite showing. When a state court has addressed an issue that is subsequently raised in a § 2254 petition, federal courts may not grant the § 2254 petition unless the underlying state adjudication "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or "(2) resulted in a decision that was based on an unreasonable determination of the facts in light of evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). We conclude that reasonable jurists could not debate the district court's finding that the habeas court did not unreasonably apply *Strickland** or unreasonably determine the facts before it in finding LaFreniere had not established prejudice. *See Knowles v. Mirzayance*, 556 U.S. 111, 122 (2009) (explaining habeas relief

---

* *Strickland v. Washington*, 466 U.S. 668 (1984).

2

is available for ineffective assistance claims "only if the state-court decision unreasonably applied the more general standard for ineffective-assistance-of-counsel claims established by *Strickland*"); *see also Sigmon v. Stirling*, 956 F.3d 183, 192 (4th Cir. 2020) ("The standards created by *Strickland* and § 2254(d) are both highly deferential, and when the two apply in tandem, review is doubly so." (internal quotation marks omitted)).

Accordingly, we deny a certificate of appealability and dismiss the appeal. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*DISMISSED*